UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HAYES,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　　　Defendant. | Case No.: 16-CV-140 JLS (MDD)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION AND (2) REMANDING CASE**<br><br>(ECF Nos. 11, 12, 15) |

　　　　Presently before the Court are Plaintiff Michael Hayes's Motion for Summary Judgment ("Pl.'s MSJ," ECF No. 11), Defendant's Cross-Motion for Summary Judgment and Opposition to Plaintiff's MSJ ("Def.'s Cross-MSJ & Opp'n," ECF No. 12), and Plaintiff's Reply Brief and Opposition to Defendant's Cross-MSJ ("Pl.'s Reply," ECF No. 14). On December 19, 2016, Magistrate Judge Mitchell D. Dembin issued his Report and Recommendation on both parties' MSJs. ("R&R," ECF No. 15.) Defendant filed timely objections to Judge Dembin's R&R on January 3, 2017. ("R&R Obj.," ECF No. 16.) Plaintiff filed a timely response in opposition to Defendant's objections on January 10, 2017. ("R&R Obj. Opp'n," ECF No. 17.) After considering the parties' arguments and the law, the Court **OVERRULES** Defendant's objections and **ADOPTS** Judge Dembin's R&R in its entirety.

# BACKGROUND

The R&R adequately details the administrative record in this case. (*See* R&R 2–13, ECF No. 15; *see also* ECF No. 9 (Administrative Record).) The Court will not repeat it here, but notes relevant facts were necessary in assessing Defendant's objections.

# LEGAL STANDARD

## I. Objections to a Report and Recommendation

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

## II. Judicial Review of Agency Action

The Social Security Act provides for judicial review of a final agency decision denying a claim for disability benefits. 42 U.S.C. § 405(g). A reviewing court must affirm the denial of benefits if the agency's decision is supported by substantial evidence and applies the correct legal standards. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is a term of art that means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001) (quoting *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)). Put another way, it is "more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (quoting *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997)). If the evidence

is susceptible to more than one reasonable interpretation, the agency's decision must be upheld. *Id.*; *Batson*, 359 F.3d at 1193.

## DISCUSSION

Defendant solely objects to Judge Dembin's recommendation that the Court remand the case for further proceedings because the administrative law judge ("ALJ") did not adequately address Plaintiff's claim of right knee disability.[1] (*See generally* R&R Obj., ECF No. 16.) Judge Dembin concluded that the ALJ's finding on Plaintiff's residual functional capacity ("RFC") based on Plaintiff's alleged right knee disability is not supported by substantial evidence. (R&R 19, ECF No. 15.) Specifically, Judge Dembin found that "[n]o physician has opined and no medical evidence is present in the record that supports the ALJ's RFC finding of what Plaintiff can do physically." (*Id.*) To be sure, the medical records contain several diagnoses regarding Plaintiff's right knee. (*See id.* at 13–20.) But Judge Dembin found that "notably absent in these records is any evidence about how Plaintiff's right knee impairment *affects Plaintiff's current ability to function*." (*Id.* at 17 (emphasis added).) Thus, Judge Dembin concluded that "the ALJ's RFC assessment regarding Plaintiff's knee impairment was not based on substantial evidence because the ALJ failed to develop the record about how Plaintiff's knee impairment affects his ability to function." (*Id.*)

Defendant argues that Judge Dembin erred because the RFC assessment is not a medical issue and thus no doctor's opinion or testimony is conclusive on the issue; rather, the RFC assessment is based on the evidence as a whole. (R&R Obj. 2, ECF No. 16.) Thus, Defendant argues that the ALJ properly determined Plaintiff's RFC after reviewing all the evidence in the record. (*Id.* at 3.)

As an initial matter, the Court agrees with Defendant that no doctor's opinion or testimony is conclusive on the issue, since where "the record contains conflicting medical

---

[1] Defendant "does not object to the portion of the R&R affirming the ALJ's credibility assessment . . . ." (R&R Obj. 2 n.1, ECF No. 16.) Plaintiff likewise does not object to this portion of the R&R. (*See generally* R&R Obj. Opp'n, ECF No. 17.)

evidence, the ALJ is charged with determining credibility and resolving conflict." *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003); *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The problem in this case, as Judge Dembin notes, is that there is no medical evidence *at all* regarding the effect of Plaintiff's right knee issues on his residual functional capacity. The ALJ solely relied on general diagnoses of Plaintiff's right knee condition in assessing Plaintiff's residual functional capacity. (*See* R&R 15–17 (collecting evidence relied upon by the ALJ, including diagnoses such as osteoarthritis of the right knee, a torn meniscus, and post-surgical pain from a previously inserted surgical screw).) This is insufficient. As Judge Dembin correctly noted, "the ALJ's RFC determination or finding must be supported by medical evidence, particularly the opinion of a treating or an examining physician." *Banks v. Barnhart*, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006); *see also de Lopez v. Astrue*, 643 F. Supp. 2d 1178, 1184 (C.D. Cal. 2009) ("When 'the administrative record does not contain any opinion by a treating or examining physician regarding plaintiff's RFC,' the ALJ has a duty to obtain 'such an opinion. Thus, the ALJ also did not fully and fairly develop the record in this regard.' Here, the ALJ also failed to develop the record, and this is an additional reason to remand this matter, as discussed below." (internal citation omitted)); *Mendoza v. Barnhart*, 436 F. Supp. 2d 1110, 1116 (C.D. Cal. 2006) ("Moreover, the administrative record does not contain any opinion by a treating or examining physician regarding plaintiff's RFC, and the ALJ failed to get such an opinion. Thus, the ALJ also did not fully and fairly develop the record in this regard."). And Defendant fails to provide a single case upholding an ALJ's RFC on substantial evidence grounds where the RFC was similarly devoid of any support from a medical opinion or other medical evidence specifically regarding a claimant's physical ability to function in the workplace.[2] Without more, the Court declines

---

[2] Defendant also argues that "the residual functional capacity is not a medical issue." (R&R Obj. 2, ECF No. 16 (citing statutory and regulatory authority).) But, again, Defendant does not explain how these authorities—or any others—demonstrate that an ALJ's RFC assessment can be based on substantial evidence without a medical opinion or other medical evidence regarding a claimant's ability to function in the workplace.

to overrule Judge Dembin's conclusion that "the ALJ incorrectly determined the record was sufficiently complete to allow him to reach a conclusion on this issue." (R&R 19, ECF No. 15 (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).)

Finally, Defendant argues that Judge Dembin improperly relied on out-of-circuit cases stating that ALJs may not draw inferences in assessing the evidence, which, according to Defendant, is contrary to Ninth Circuit authority stating that ALJs are entitled to draw inferences logically flowing from the evidence. (R&R Obj. 3, ECF No. 16 (citing *Sample v. Schweiker*, 694 F.2d 639, 632 (9th Cir. 1982).) The Court disagrees. Judge Dembin did not err by relying on Eighth Circuit cases as persuasive authority, especially because those cases speak directly to the issue at hand. (*See, e.g.*, R&R 17, ECF No. 15 (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001) ("Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence *of the claimant's ability to function in the workplace*." (internal citations omitted) (emphasis added))).) Defendant is right that in the Ninth Circuit an ALJ "is entitled to draw inferences logically flowing from the evidence." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (citing *Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972)). The problem, of course, is the predicate issue that here the ALJ was lacking substantial evidence from which to properly draw an inference.[3] Accordingly, the Court **OVERRULES** Defendant's objections.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[3] In addition, Defendant's reliance on *Sample* is misplaced, since the *Sample* Court confronted a situation where the "ALJ considered each alleged medical infirmity *in light of the expert opinions available*." 694 F.2d at 642 (emphasis added).

# CONCLUSION

After conducting a de novo review, the Court is satisfied that Judge Dembin's R&R is analytically sound. Accordingly, the Court **OVERRULES** Defendant's objections, **ADOPTS** Judge Dembin's R&R in its entirety (ECF No. 15), and **REMANDS** the matter to the Social Security Administration for further review consistent with this Opinion.

**IT IS SO ORDERED.**

Dated:  March 1, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge